IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                                           ) | Crim. No. 07-05-02 Erie |
| ) | |
| JOE L. COOLEY, JR.                      ) | |

## ORDER

Before the Court is Defendant Joe L. Cooley, Jr.'s Motion requesting reconsideration of his sentence. Defendant essentially seeks a reduction of his sentence through the retroactive application of a 1-to-1 crack-to-powder ratio to his case along with a reconsideration of the enumerated factors set forth in 18 U.S.C. § 3553(a). (Doc. 100). seeks

We first note that we are without jurisdiction to consider a modification of sentence other than as a timely filed motion brought pursuant to 28 U.S.C. § 2255. In any event, Congress has not passed a law regarding the sentencing differences between crack and powder cocaine. This Court has recently applied a 1-to-1 crack-to-powder ratio in crack cocaine sentencings, but this is only lawfully applicable to defendants who are presently before the court for sentencing. No new rule was issued in the cases in which we did apply a 1-to-1 crack-to-powder ratio; instead the Court exercised its discretionary power to vary from the Sentencing Guidelines related to crack cocaine, as recognized by Kimbrough v. United States, 552 U.S. 85 (2007), and Spears v. United States, __ U.S. __, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam). As such, applying a 1-to-1 crack-to-powder ratio is not to be applied retroactively, absent a statutory change from Congress or a directive from a higher court. Accordingly, we will deny Mr. Cooley's Motion.

In the alternative, Mr. Cooley requests that should we dismiss his request for a reconsideration of his sentence that we treat his motion as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) so that Mr. Cooley "may preserve his rights for future filings." (Doc. 100, at 1.) Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2)  Mr. Cooley has not identified any Amendment to the Sentencing Guidelines that would permit a retroactive reduction in his sentence. *See* § 1B1.10 (Policy Statement authorizing retroactive reductions in sentences only if the relevant amendment lowering the guideline range is identified in 1B1.10(c)); and United States v. Wise, 515 F.3d 207, 221 n.11 (3rd Cir.(Pa.) Feb 12, 2008) ("an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).") Mr. Cooley has not offered any valid basis for the Court to entertain a motion for reduction of sentence pursuant to section 3582(c), and therefore we decline to treat his motion as a section 3582(c). If a relevant Amendment is added to the policy statement in the future, then Mr. Cooley may be entitled to a reduction at that time.

The following Order is hereby entered.

2

AND NOW, to-wit, this __17th__ day of December, 2009, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED that Joe L. Cooley, Jr.'s Motion for Reconsideration of Sentence be and hereby is DENIED.

*/s/ Maurice B. Cohill, Jr.*
Senior United States District Judge
Maurice B. Cohill, Jr.

cc:   counsel of record

      Joe L. Cooley, Jr.
      No. 20496-068
      FCI Fort Dix
      P.O. Box 2000
      Fort Dix, NJ  08640